UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ARTHUR DUKES,** § | |
| **TDCJ # 1529947,** § | |
| § | |
| **Petitioner** § | |
| § | |
| v. § | Civil Action |
| § | No. SA-11-CA-93-OG |
| **RICK THALER,** § | |
| **Texas Department of Criminal Justice** § | |
| **Correctional Institutions Division Director,** § | |
| § | |
| **Respondent** § | |

**SHOW CAUSE ORDER**

Before the court is Arthur Dukes's 28 U.S.C. § 2254 habeas corpus petition. Petitioner challenges his confinement pursuant to a conviction and seventy-year sentence for possession of a controlled substance in cause number 2006-CR-8524 in the 175th District Court of Bexar County, Texas.

Petitioner contends he received ineffective assistance of trial counsel, because counsel failed to move to discharge or shuffle the jury on the ground that the prosecutor erroneously removed an African-American venire person, depriving petitioner of a jury drawn from a cross-section of the community. Petitioner also asserts counsel failed to object and request a mistrial after jurors saw petitioner being escorted in shackles and handcuffs during the trial. Petitioner claims counsel failed to challenge for cause or strike a potential juror who was disqualified for having a prior felony conviction. Petitioner contends he received ineffective assistance of appellate counsel, because appellate counsel did not challenge the factual and legal sufficiency of the evidence. Petitioner also asserts appellate counsel failed to argue the trial court erred in denying petitioner's objection to the state's lack of notice of its intent to offer evidence of extraneous offenses in the punishment phase. Petitioner contends counsel did not argue on appeal that the trial court erred in denying a motion to suppress evidence obtained from an illegal search and seizure. Petitioner argues the trial court erred in denying the motion to suppress, and the trial court erred in overruling petitioner's objection to the State's lack of notice of intent to present extraneous offense

evidence.

The Petition should be dismissed as untimely. This Court may raise the issue of limitations *sua sponte*, provided Petitioner is given the opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F. 3d 326, 328-29 (5th Cir. 1999)

Title 28 U.S.C. § 2244 states in relevant part:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Based on Petitioner's grounds for relief, § 2244(d)(1)(A) applies.

Public records show the following. Petitioner was sentenced in cause number 2006-CR-8524 on September 5, 2008. The judgment was affirmed on appeal on June 10, 2009. *Dukes v. State*, No. 04-08-678-CR (Tex. App. — San Antonio). Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

The judgment became final when the time for filing a petition for discretionary review expired, which was thirty days after June 10, 2009. Tex. R. App. P. 68.2(a). The last day on which to file a petition for discretionary review was July 10, 2009, and the judgment became final thereafter. Therefore, the last day on which Petitioner could have timely filed a § 2254 habeas corpus petition was July 10,

2010, unless Petitioner had a properly filed application for State post-conviction or other collateral review to toll the running of the limitations period. 28 U.S.C. § 2244(d)(2); *see Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

Petitioner states he filed a habeas corpus application on June 28, 2010. However, public records show petitioner filed a habeas corpus application on September 16, 2010. The Texas Court of Criminal Appeals denied the writ application on January 12, 2011 in writ no. 75,194-01. Because the state habeas corpus application was filed on September 16, 2010, which was after the one-year limitations period expired after July 10, 2010, for filing a § 2254 petition, the state writ application did not toll the limitations period, and the § 2254 petition filed in January 2011 is untimely.

Even if petitioner's filing date of June 28, 2010, for the state habeas application is correct, the § 2254 petition is still untimely. If the state writ application was filed on June 28, 2010, and was denied on January 12, 2011, it would have been pending for 199 days, including the date it was allegedly filed and the date on which it was denied. Adding 199 days to the July 10, 2010, due date would have yielded a new due date of January 25, 2011, for the § 2254 petition. However, the § 2254 petition was filed on January 28, 2011. It is not clear it was mailed to this court, but even if it were, the earliest date on which it could have been considered filed pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) ("a pro se prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing"), was January 27, 2011, the date on which it was executed. However, if petitioner filed his state habeas application on June 28, 2010, as he alleges, the limitations period expired on January 25, 2011, and his § 2254 is still untimely.

The one-year limitations period can be equitably tolled in rare and exceptional circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). Equitable tolling applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. *Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v.*

*Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000).

A petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. *Felder v. Johnson*, 204 F.3d at 171-72. A claim of innocence and a claim that the conviction was a miscarriage of justice are not bases for equitable tolling. The "miscarriage of justice" exception applies to State procedural defaults, *see Murray v. Carrier*, 477 U.S. 478, 496 (1986), but it is not an exception to the statute of limitations in this Circuit. *See Fierro v. Cockrell*, 294 F. 3d 674, 683 n.17 (5th Cir. 2002). A claim of actual innocence does not excuse a late petition and does not warrant equitable tolling of the limitations period. *Cousins v. Lensing*, 310 F. 3d 843, 849 (5th Cir. 2002). "[A] petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." *United States v. Riggs*, 314 F.3d 796, 800 (5th Cir. 2002) (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (brackets in *Riggs*)).

Petitioner does not explain why the limitations period should be equitably tolled, and the record does not show any apparent reasons for doing so.

**Petitioner is directed to show cause within twenty-one (21) days why his § 2254 petition should not be dismissed as barred by the statute of limitations**. If Petitioner fails to respond to this Order, his Petition may also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**It is so ORDERED.**

**SIGNED** on February 22, 2011.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE